IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and <br> UNILOC 2017, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ZTE (USA), INC. and ZTE (TX), INC., <br><br> Defendants. | Case No. 2:18-cv-304 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc 2017, LLC (together, "Uniloc"), for their complaint against defendants, ZTE (USA), INC. and ZTE (TX), Inc. (together, "ZTE"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. is a Texas corporation having a regular and established place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

2. Uniloc 2017, LLC is a Delaware corporation having an address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. ZTE (USA), Inc. is a New Jersey corporation having a principal place of business at 2425 North Central Expressway, Suite 800, Richardson, Texas 75080. ZTE (USA), Inc. may be served with process through its registered agent for service in Texas: Jing Li, 2425 North Central Expressway, Suite 800, Richardson, Texas 75080.

4. ZTE (TX), Inc. is a Texas corporation having a principal regular and established place of business at 2500 Dallas Parkway, Plano, Texas 75093. ZTE (USA), Inc. may be served

with process through its registered agent for service in Texas: Ferguson, Braswell & Fraser, P.C., 2500 Dallas Parkway, Suite 501, Plano, Texas 75093.

5. ZTE makes, uses, offers for sale, sells and/or imports products into the United States for sale to customers in this judicial district and throughout the United States, including those accused of infringement herein.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(d) and 1400(b). ZTE has a regular and established place of business, and has committed acts of infringement, in this judicial district.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,868,079)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc 2017, LLC is the owner, by assignment, of U.S. Patent No. 6,868,079 ("the '079 Patent"), entitled RADIO COMMUNICATION SYSTEM WITH REQUEST RE-TRANSMISSION UNTIL ACKNOWLEDGED, which issued on March 15, 2005. A copy of the '079 Patent is attached as Exhibit A.

10. Uniloc USA, Inc. is the exclusive licensee of the '079 Patent, with ownership of substantial rights therein, including the right to exclude others, and to enforce and recover past damages for infringement.

11. The '079 Patent describes in detail and claims in various ways inventions in systems and devices developed by Koninklijke Philips Electronics N.V. for improved

communication of data therebetween by a primary device allocating time slots to secondary devices and the secondary devices use their respective allocated time slots to respond to the primary device until the primary device sends an acknowledgement to the secondary device.

12. The '079 Patent describes problems and shortcomings in the then-existing field of communications between portable devices and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. The technological improvements and solutions described and claimed in the '079 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.

13. The inventions claimed in the '079 Patent involve and cover more than just the performance of well-understood, routine and/or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices by the '079 Patent inventor.

14. The inventions claimed in the '079 Patent represent technological solutions to technological problems. The written description of the '079 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.

15. ZTE imports, uses, offers for sale, and sells in the United States electronic devices that operate in accordance with the LTE standards, including the following: ZTE nubia V18, ZTE nubia N3, ZTE Blade V9 Vita, ZTE Blade V9, ZTE Tempo Go, ZTE Blade A3, ZTE Blade A6, ZTE Maven 2, ZTE Blade X, ZTE Axon M, ZTE nubia Z17s, ZTE nubia Z17 miniS, ZTE

nubia Z17 lite, ZTE Blade Z Max, ZTE Blade Force, ZTE Tempo X, ZTE Blade A601, ZTE Grand X View 2, ZTE Blade V7 Plus, ZTE nubia N2, ZTE nubia M2, ZTE nubia M2 lite, ZTE nubia M2 Play, ZTE nubia Z17, ZTE Axon 7s, ZTE Max XL, ZTE nubia Z17 mini, ZTE Blade A520, ZTE nubia N1 lite, ZTE Blade V8 Min, ZTE Blade V8 Lite, ZTE Blade A2 Plus, ZTE Hawkeye, ZTE Blade V8 Pro, ZTE Blade V8, ZTE Axon 7 Max, ZTE Grand X4, ZTE Blade V7 Max, ZTE nubia Z11 mini S, ZTE Axon 7 mini, ZTE Warp 7, ZTE Zmax Pro, ZTE nubia N1, ZTE nubia Z11 Max, ZTE Axon 7, ZTE nubia Z11, ZTE Blade L110 (A110), ZTE Grand X Max 2, ZTE nubia Z11 mini, ZTE Blade V Plus, ZTE Blade A610, ZTE Blade A512, ZTE Blade A452, ZTE Blade V7, ZTE Blade A2, ZTE Blade A910, ZTE Blade V7 Lite, ZTE Axon Max, ZTE nubia Prague S, ZTE Grand X 3, ZTE Avid Plus, ZTE Blade X9, ZTE Blade X5, ZTE Blade X3, ZTE Axon, ZTE Blade S7, ZTE Axon mini, ZTE Zmax 2, ZTE Axon Elite, ZTE nubia My Prague, ZTE Axon Lux, ZTE Boost Max+, ZTE Blade A460, ZTE Blade D6, ZTE Axon Pro, ZTE Blade A410, ZTE Obsidian, ZTE Grand X2, ZTE Sonata 2, ZTE Blade Apex 3, ZTE Maven, ZTE Blade Qlux 4G, ZTE nubia Z9, ZTE Blade S6 Plus, ZTE nubia Z9 Max, ZTE nubia Z9 mini, ZTE Open L, ZTE Grand S3, ZTE V5 Lux, ZTE Blade S6, ZTE Imperial II, ZTE Grand X Max+, ZTE Star 2, ZTE Grand X Plus Z826, ZTE Speed, ZTE Grand S Pro, ZTE Zmax, ZTE Blade Vec 4G, ZTE nubia Z5S mini NX405H, ZTE nubia Z7, ZTE nubia Z7 Max, ZTE nubia Z7 mini, ZTE Star 1, ZTE nubia X6, ZTE Grand Memo II LTE, ZTE Iconic Phablet, ZTE Grand S II S291, ZTE nubia Z5S, ZTE Grand S Flex, ZTE Warp 4G, ZTE Imperial, ZTE Vital N9810, ZTE Grand Memo V9815, ZTE Grand S, ZTE Avid 4G, ZTE Flash, ZTE Anthem 4G, ZTE Grand X LTE T82, ZTE V96, ZTE N910, ZTE PF200, AT&T Primetime, AT&T TREK 2HD and ZTE ZPAD8 (collectively "Accused Infringing Devices").

4

16. The Accused Infringing Devices are electronic devices that operate in compliance with the LTE Standards whereby one device is a primary device that allocates time slots to one or more secondary devices and wherein the secondary devices may respond with a request for services.

17. The Accused Infringing Devices include LTE capability and use a physical uplink control channel (PUCCH) to transmit between base stations and devices in FDD or TDD mode, both of which modes organize transmissions into radio frames of 10 ms duration.

18. Using PUCCH format 1, for example, a secondary device transmits scheduling request (SR) information to the primary device in respective time slots every nth sub-frame. For example, the SR may be sent twice in consecutive .5ms subframe time slots. This is repeated until the primary device transmits a resource allocation acknowledgement. The primary device detects the incoming SR by the presence of a certain energy level on the PUCCH.

19. The Accused Infringing Devices are used in communications systems wherein one device is a primary device that allocates time slots to one or more secondary devices in which the secondary device(s) may request services from the primary device.

20. ZTE has infringed, and continues to infringe, claims of the '079 Patent in the United States, including at least claims 17-18, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

21. ZTE specifically, knowingly and intentionally incorporates into the Accused Infringing Devices components and software that enable the devices to operate automatically as described above to infringe the '079 Patent.

22. In its marketing, promotional and/or instructional materials, including those identified below, ZTE also specifically and intentionally instructs its customers to use the

Accused Infringing Devices in a manner that causes the devices to send and receive data packets in accordance with LTE functionality.

23. ZTE has infringed, and continues to infringe, at least claim 18 of the '079 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. ZTE's customers who use those devices in accordance with ZTE's instructions infringe claims 17-18 of the '079 Patent, in violation of 35 U.S.C. § 271(a). ZTE intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, and other instructional and marketing materials, such as those located at one or more of the following:

- www.zteusa.com
- www.zteusa.com/[device name, e.g. "blade-z-max"]
- www.zteusa.com/products/smartphone
- www.zteusa.com/products/all-phones
- www.zteusa.com/products/phones/carrier/straighttalk
- www.zteusa.com/compare/
- www.zteusa.com/support_page/
- www.zteusa.com/media/wysiwyg/ZTE-Avid/ZTE_Avid_TM_4G_User_Manual_English_-_PDF_-_1.25MB_.pdf
- www.zteusa.com/media/wysiwyg/zte-speed/ZTE_Speed_ User_Guide_English_-_PDF_-_2.48MB_.pdf
- https://zte-iqorsupport.custhelp.com/ci/fattach/get/4028/0/filename/ZTE+BLADE+FORCE+User+Manual+V1.2-0911.pdf
- https://zte-iqorsupport.custhelp.com/ci/fattach/get/85/0/filename/ZTE_nubia_5_User_Guide_English_-_PDF_-_207KB_.pdf
- www.youtube.com/user/ZTEUSAInc

- www.youtube.com/user/ztedevice
- www.youtube.com/watch?v=z4AZL2F2oBo
- www.youtube.com/watch?v=aGXD3tLP9OU
- www.youtube.com/watch?v=B2PE86MRt3w
- www.youtube.com/watch?v=o4vKU-bC7Ew
- www.youtube.com/watch?v=Gm0V1csTUZc
- www.youtube.com/watch?v=WrLgGwdlxUU
- www.youtube.com/watch?v=fnWxgDAKCKc
- www.youtube.com/watch?v=J3X0ZMyYCHE
- www.youtube.com/watch?v=HWIjMdDKTx4

ZTE is thereby liable for infringement of the '079 Patent under 35 U.S.C. § 271(b).

24.     ZTE has also infringed, and continues to infringe, at least claim 18 of the '079 patent by offering to sell, selling and/or importing the Accused Infringing Devices knowing that the devices are used in practicing the processes, or using the systems, of the '079 patent, and constitute a material part of the invention.  ZTE knows portions of the Accused Infringing Devices are especially made or especially adapted for use as described above to infringe the '079 patent, and not a staple article, or a commodity of commerce suitable for substantial noninfringing use.  ZTE is thereby liable for infringement of the '079 Patent under 35 U.S.C. § 271(c).

25.     ZTE will have been on notice of the '079 Patent since, at the latest, the service of the complaint upon it in this case.  ZTE has also been on notice of Uniloc's infringement allegations and theory of infringement since that date of service, and thus has known that its continued actions would induce and contribute to the infringement of claims of the '079 Patent.

Despite that knowledge, and as further evidence of its intent, ZTE has refused to discontinue its infringing acts and has also induced infringement by failing to remove the infringing functionality from the Accused Infringing Devices or otherwise place a non-infringing limit on their use.

26. By the time of trial, ZTE will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least claim 18 of the '079 Patent by others, including its customers.

27. ZTE may have infringed the '079 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

28. Uniloc has been damaged by ZTE's infringement of the '079 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against ZTE:

(A)   declaring that ZTE has infringed the '079 Patent;

(B)   awarding Uniloc its damages suffered as a result of ZTE's infringement of the '079 Patent;

(C)   awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D)   granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: July 23, 2018.	Respectfully submitted,


*/s/ Edward R. Nelson III*
Paul J. Hayes
Massachusetts State Bar No. 227000
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nbafirm.com
Texas State Bar No. 24061270
Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTION PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**